**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**NORELLE MEDINA,**

    **Plaintiff,**

vs.                                                               Case No.

**BURANDT, ADAMSKI, FEICHTHALER**
**& SANCHEZ, PLLC, a Florida Professional**
**Limited Liability Company,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **NORELLE MEDINA** ("Plaintiff"), by and through the undersigned, hereby sues Defendant **BURANDT, ADAMSKI, FEICHTHALER & SANCHEZ, PLLC** ("Defendant") and alleges as follows:

### I.    Introduction

1. This is a civil action brought by the Plaintiff, Norelle Medina, against her former employer, Burandt, Adamski, Feichthaler & Sanchez, PLLC, for discrimination based on pregnancy and sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act (FCRA).

### II.    Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

3. This Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the Plaintiff's claims occurred in Lee County, Florida.

5. All administrative prerequisites have been exhausted or excused.

### III. Parties

6. Plaintiff, Norelle Medina, is an individual residing in Lee County, Florida.

7. Defendant, Burandt, Adamski, Feichthaler & Sanchez, PLLC, is a law firm with its principal place of business located at 1714 Cape Coral Parkway East, Cape Coral, Florida 33904.

8. At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

### IV. Factual Allegations

9. In May 2021, Plaintiff began her employment with Defendant as a paralegal.

10. Plaintiff consistently received positive feedback about her job performance.

11. Plaintiff is a Hispanic female and became pregnant in early 2022, a protected status under Title VII and the FCRA.

12. In February 2022, Plaintiff informed Defendant that she was pregnant.

13. Defendant was aware of Plaintiff's pregnancy and her need for maternity leave and potential accommodations.

14. In July 2022, Plaintiff and Defendant agreed that Plaintiff would receive two weeks of paid maternity leave following the birth of her child (separate from any other accrued paid time off) and then work remotely from home until January 2023, when her baby would be old enough to attend daycare.

15. Plaintiff was placed on bedrest in September 2022 and she continued to work from home full-time.

16. Plaintiff gave birth on October 14, 2022, and informed Defendant promptly.

17. Despite the agreement for two weeks of paid maternity leave, Plaintiff was asked to work remotely during her maternity leave and performed approximately five hours of work during that period.

18. When Plaintiff received her next paycheck, she observed that it did not include the agreed-upon two weeks of paid maternity leave but instead paid out her saved vacation and PTO time.

19. Plaintiff promptly contacted Defendant to alert the firm about the error.

20. To her surprise, instead of the error being corrected, Plaintiff was informed that in order to receive the previously agreed-upon two weeks of maternity leave pay, she had to either resign her employment and sign a waiver releasing any claims or accept a $4/hour pay cut.

21. Plaintiff, understanding that she was being put in this position because she had just given birth to her baby, refused to resign or accept the $4/hour pay cut.

22. Plaintiff was terminated on November 1, 2022 and her job was posted with a higher pay rate than she was receiving.

23. Defendant's actions in denying Plaintiff the agreed-upon maternity leave, reducing her pay, and ultimately terminating her were directly related to her pregnancy and her need for accommodations, including maternity leave and remote work.

24. Defendant's actions constitute discrimination based on pregnancy and sex, and retaliation for Plaintiff seeking to enforce her rights under Title VII and the FCRA.

### Count I
### Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff is a member of a protected class (female and pregnant) under Title VII, as amended by the Pregnancy Discrimination Act.

27. Plaintiff was qualified for her position as a paralegal, consistently received positive feedback, and was never disciplined for poor performance or policy violations.

28. Plaintiff suffered adverse employment actions, including denial of agreed-upon maternity leave, a reduction in pay, and termination.

29. Defendant's actions were motivated by Plaintiff's pregnancy and her need for maternity leave and accommodations, as evidenced by the timing of the adverse actions following her pregnancy disclosure and childbirth.

30. Defendant's actions, as described above, constitute discrimination on the basis of sex and pregnancy in violation of Title VII and the Pregnancy Discrimination Act.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, benefits, and other compensation, as well as emotional distress.

## Count II
## Discrimination in Violation of the Florida Civil Rights Act

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

33. Plaintiff is a member of a protected class (female and pregnant) under the FCRA.

34. Plaintiff was qualified for her position as a paralegal, consistently received positive feedback, and was never disciplined for poor performance or policy violations.

35. Plaintiff suffered adverse employment actions, including denial of agreed-upon maternity leave, a reduction in pay, and termination.

36. Defendant's actions were motivated by Plaintiff's pregnancy and her need for maternity leave and accommodations, as evidenced by the timing of the adverse actions following her pregnancy disclosure and childbirth.

37. Defendant's actions, as described above, constitute discrimination on the basis of sex and pregnancy in violation of the FCRA.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, benefits, and other compensation, as well as emotional distress.

## Count III
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

40. Plaintiff engaged in protected activity by requesting maternity leave, her agreed-upon maternity leave pay, and work from home as an accommodation for her pregnancy.

41. Defendant took adverse employment actions against Plaintiff, including denying her the agreed-upon maternity leave, reducing her pay, and terminating her employment.

42. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken by Defendant.

43. Defendant's actions, as described above, constitute retaliation against Plaintiff for asserting her rights under Title VII.

44. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, benefits, and other compensation, as well as emotional distress.

## Count IV
## Retaliation in Violation of the Florida Civil Rights Act

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

46. Plaintiff engaged in protected activity by requesting maternity leave, her agreed-upon maternity leave pay, and work from home as an accommodation for her pregnancy.

47. Defendant took adverse employment actions against Plaintiff, including denying her the agreed-upon maternity leave, reducing her pay, and terminating her employment.

48. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken by Defendant.

49. Defendant's actions, as described above, constitute retaliation against Plaintiff for asserting her rights under the FCRA.

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, benefits, and other compensation, as well as emotional distress.

## V. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award her:

    a. Compensatory damages, including but not limited to lost wages, benefits, and other remuneration;

    b. Damages for emotional distress;

c. Punitive damages;

d. Attorney's fees and costs;

e. Pre-judgment and post-judgment interest;

f. Any other relief that this Court deems just and proper.

## VI. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michelle Erin Nadeau
Ryan D. Barack
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff